FILED
 2011 Oct-13 AM 10:07
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARIUS ORSOLINI,** | ] | |
| **Plaintiff,** | ]<br>]<br>] | |
| v. | ]<br>] | **CV-11-BE-1909-S** |
| **ALEJANDRO MAYORKAS,**<br>**Director, U.S. Department of**<br>**Homeland Security, et al.,** | ]<br>]<br>]<br>] | |
| **Defendants.** | ] | |

### **MEMORANDUM OPINION**

This matter comes before the court on Defendant Alejandro Mayorka's Motion to Dismiss as Moot (doc. 10). Plaintiff, in his complaint filed June 3, 2011, sought a judgment from this court granting him a Naturalization Oath Ceremony. Mr. Mayorka explains in his motion to dismiss that U.S. Citizenship and Immigration Services ("USCIS") approved Plaintiff's application for naturalization on July 27, 2011, and scheduled him for a Naturalization Oath Ceremony on November 1, 2011. Accordingly, Mr. Mayorka argues that a case or controversy no longer exists and that the case is moot. This court agrees, and for the reasons below, finds that Mr. Mayorka's motion is due to be granted.

Plaintiff responded to Defendant's motion (doc. 12) and argued that the approval of Plaintiff's application did not guarantee that Plaintiff would in fact be naturalized and that the delay in approving Plaintiff's application had been exceptionally long.

To support the first argument, Plaintiff explains that USCIS had approved his application for naturalization before in 2009, but then reopened and denied the application that same year. In that case, however, USCIS denied his application after discovering that Plaintiff had been

convicted of Harassment in Alabama state court. USCIS's action was not an arbitrary denial of Plaintiff's earlier approved naturalization application, but instead an action authorized under the Code of Federal Regulations, 8 C.F.R. § 335.5. Plaintiff has not alleged any facts indicating that USCIS might take action – such as arbitrarily denying his naturalization application – that would entitle Plaintiff to relief from this court before his Naturalization Oath Ceremony scheduled for November 1, 2011.

As to Plaintiff's second argument– that this case is not moot because of the "exceptional delay" in processing his application – Plaintiff cites no authority that would entitle him to an expedited ceremony. Plaintiff relies on footnote in an USCIS Ombudsman's Report stating that USCIS offices in large cities hold 10 percent to 86 percent of their oath ceremonies on the same day a naturalization application is approved. Aside from the fact that this footnote also says that 49 percent of all oath-takers must wait more than 30 days, this report provides no legal authority that Plaintiff is entitled to an earlier Naturalization Oath Ceremony.

Plaintiff also cites to 8 U.S.C.S. § 1448(c), explaining that this provision allows the court to "refer [Plaintiff] to [the Defendants] for immediate administrative naturalization." When this court views the provision in its entirety, however, it does not find that this provision entitles Plaintiff to any relief. This provision says that a court *may* grant an individual an expedited judicial oath administration ceremony upon demonstration of sufficient cause, such as serious illness of the individual or a member of his family, permanent disability that would prevent the individual from traveling, or other such circumstances. Under the statute, this court would refer the individual to the Defendants for immediate administrative naturalization only if the expedited judicial oath ceremony is impracticable. Because Plaintiff has not shown any special circumstances entitling him to an expedited judicial oath in the first place, 8 U.S.C.S. § 1448(c)

also does not provide any authority supporting Plaintiff's claim that this court can grant him relief.

Because this court can no longer provide meaningful relief, Mr. Mayorka's motion to dismiss as moot is hereby GRANTED. The court will simultaneously enter an order to this effect.

DONE and ORDERED this 13th day of October, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE